# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| GEMINI IP, LLC<br><br>      Plaintiff,<br>  v.<br><br>COMPUTER SCIENCES CORPORATION; FIDELITY INFORMATION SERVICES, INC.; FISERV, INC.; INGERSOLL-RAND COMPANY; NOVELL, INC.; SYMANTEC CORPORATION; XEROX CORPORATION and ZAPPOS.COM, INC., et al.<br><br>      Defendants | Case No. 4:11-CV-36<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gemini IP, LLC ("Gemini") hereby alleges for its Complaint against defendants Computer Sciences Corporation; Fidelity Information Services, Inc.; Fiserv, Inc.; Ingersoll-Rand Company; Novell, Inc.; Symantec Corporation; Xerox Corporation; and Zappos.com, Inc. (collectively the "Defendants") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## PARTIES

1.    Plaintiff Gemini is a Texas limited liability company with its principal place of business at 207C North Washington Avenue, Marshall, Texas 75670.

2.    On information and belief, Defendant Computer Sciences Corporation ("CSC") is a corporation organized under the laws of Nevada with its corporate headquarters and principal place of business at 3170 Fairview Park Drive, Falls Church, Virginia 22042.

1

3. On information and belief, Defendant Fidelity Information Services, Inc. ("FIS") is a corporation organized under the laws of Arkansas with its corporate headquarters and principal place of business at 601 Riverside Avenue, Jacksonville, Florida 32204.

4. On information and belief, Defendant Fiserv, Inc. ("Fiserv") is a corporation organized under the laws of Wisconsin with its corporate headquarters and principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045.

5. On information and belief, Defendant Ingersoll-Rand Company ("Ingersoll-Rand"), is a corporation organized under the laws of New Jersey, with its corporate headquarters and principal place of business at 800-E Beaty Street, Davidson, North Carolina 28036.

6. On information and belief, Defendant Novell, Inc. ("Novell") is a corporation organized under the laws of Delaware with its corporate headquarters and principal place of business at 404 Wyman Street, Suite 500, Waltham, Massachusetts 02451.

7. On information and belief, Defendant Symantec Corporation ("Symantec") is a corporation organized under the laws of Delaware with its corporate headquarters and principal place of business at 350 Ellis Street, Mountain View, California 94043.

8. On information and belief, Defendant Xerox Corporation ("Xerox") is a corporation organized under the laws of New York with its corporate headquarters and principal place of business at 45 Glover Avenue, P.O. Box 4505, Norwalk, Connecticut 06856.

9. On information and belief, Defendant Zappos.com, Inc. ("Zappos") is a corporation organized under the laws of Delaware with its corporate headquarters and principal place of business at 2280 Corporate Circle Drive, Henderson, Nevada 89074.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed, contributed to, and/or induced acts of patent infringement in this district.

12. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,177,932

13. Gemini is the owner by assignment of United States Patent No. 6,177,932 ("the '932 Patent") entitled "Method and Apparatus for Network Based Customer Service." The '932 Patent originally issued on January 23, 2001 and a re-examination certificate issued on September 14, 2010. A true and correct copy of the '932 Patent is attached as Exhibit A and the re-examination certificate is attached as Exhibit B.

14. Messrs. Frank A. Galdes and Mark A. Ericson are listed as the inventors on the '932 Patent.

15. Upon information and belief, Defendant CSC has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, examples of which are described online at http://www.bomgar.com/customers/Case-Study-CSC.pdf, that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant CSC is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

16. Upon information and belief, Defendant FIS has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, examples of which are described online at http://www.bomgar.com/customers/Case-Study-FIS.pdf, that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant FIS is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

17. Upon information and belief, Defendant Fiserv has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others)

the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, examples of which are described online at http://www.bomgar.com/customers/csiti.htm, that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant Fiserv is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

18.     Upon information and belief, Defendant Ingersoll-Rand has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, examples of which are described online at http://support.irco.com, that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant Ingersoll-Rand is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

19.     Upon information and belief, Defendant Novell has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support

for consumers and businesses, examples of which are described online at http://www.bomgar.com/customers/cs-novell.htm, that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant Novell is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

20. Upon information and belief, Defendant Symantec has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, which systems are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant Symantec is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

21. Upon information and belief, Defendant Xerox has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, examples of which are described online at http://remote.support.xerox.com/USA/, that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant Xerox is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

22. Upon information and belief, Defendant Zappos.com has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing (by way of inducing infringement by others, and/or contributing to the infringement by others) the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, examples of which are described online at [http://www.bomgar.com/resources/cszappos.pdf](http://www.bomgar.com/resources/cszappos.pdf), that are covered by one or more claims of the '932 Patent, to the injury of Gemini. Defendant Zappos.com is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

23. To the extent that facts learned in discovery show that Defendants' infringement is, or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

24. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '932 Patent complied with such requirements.

25. As a result of these Defendants' infringement of the '932 Patent, Gemini has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

26. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '932 Patent, Gemini will be greatly and irreparably harmed.

WHEREFORE, Gemini respectfully requests that this Court enter:

1. A judgment in favor of Gemini that Defendants have infringed, directly, jointly, and/or indirectly (by way of inducing and/or contributing to the infringement) the '932 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity, with any of them, from infringing, directly, jointly, and/or indirectly (by way of inducing and/or contributing to the infringement) the '932 Patent;

3. A judgment and order requiring Defendants to pay Gemini its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '932 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Gemini its reasonable attorney fees; and

5. Any and all other relief to which Gemini may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 25, 2011

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
TX State Bar No. 24047416
**The Davis Firm PC**
111 W. Tyler St.
Longview, TX 75601
Bus: (903) 230-9090
Fax: (903) 230-9661
bdavis@bdavisfirm.com

James C. Otteson
CA Bar No. 157781
(Admitted E.D. Texas)
jim@agilityiplaw.com
Theresa E. Norton
CA Bar No. 193530

(Admitted E.D. Texas)
tess@agilityiplaw.com
Xiang Long
CA Bar No. 246629
longxiang@agilityiplaw.com
**Agility IP Law**
1900 University Circle, Suite 201
East Palo Alto, CA 94303
Bus: 650-227-4800
Fax: 650-318-3483

**Attorneys for Plaintiff**
**GEMINI IP, LLC**